902

## UNITED STATES v. YORSANER.

### No. 37040.

District Court, E. D. New York.
Sept. 30, 1937.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y. (Albert Lyons, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Sweet & Sweet, of New York City, for defendant.

MOSCOWITZ, District Judge.

The defendant moves to dismiss the indictment containing two counts, which charges the violation of title 18, United States Code, § 338 (18 U.S.C.A. § 338).

The first count charges that the defendant devised a scheme to defraud his prospective creditors and to obtain property and credit from them by means of false representations whereby the scheme of the defendant would obtain property and credit from his creditors by submitting to them a false financial statement showing his net worth to be about $2,000 more than defendant knew it was; that, having devised the scheme, the defendant deposited the following statement in the mail:

"Watkins Iron & Pipe
Statement
Bank Balance, About — $600
Accounts Receivable — $1300
Accounts Payable — $600
Asset Value of Lot — $4000
Mortgage on Lot — $2500
"A. Yorsaner
"Watkins Iron & Pipe."

The second count is in the same language as the first count. It deals with another statement sent through the mail, as follows:

"Brooklyn, N. Y., May 15, 1934.
"American Petrometal Corp.
"Watkins Iron & Pipe
"Dealers in Second Hand and New Iron and Pipe

| Terms | 196 Watkins Street |
|---|---|
| Warehouse stock (New) | 50 Ton |
| Warehouse stock (Old) | 70 Ton |
| Accounts Payable | $600 |
| Accounts Receivable | $1300 |
| Asset Value of lot | $4000 |
| Mortgage | $2500 |
| Bank Balance | $678.29 |

"A. Yorsaner."

The defendant claims that the indictment is insufficient for the following reasons:

"1. There is nothing in either statement to show that it was given for the purpose of obtaining property or credit.

"2. There is nothing in the statement to show that it was intended as a financial statement, in the usual and accepted form, of the defendant's assets and liabilities.

"3. There is nothing in the statement to show any representation by the defendant that his net worth was $2000, or that it was $2000 more than he knew it to be, or any statement therein with reference thereto.

"4. The indictment is defective for the reason that it is vague and indefinite, and does not sufficiently apprise the defendant of the nature and character of the accusation against him."

Defendant claims that the two statements sent through the mail, to which reference has been made, do not constitute a financial statement. While it may be true that these statements are not as full in

detail as the financial statements in general use, nevertheless these statements set forth the assets and liabilities of the defendant. If the statements were false and were intended for the purpose of obtaining credit, and were sent through the mail, that constitutes a crime under title 18, United States Code, § 338 (18 U.S.C.A. § 338). There is no requirement under the law that the statement must show on its face that it was given for the purpose of obtaining credit. The purpose for which such statement was given may be established by the testimony of witnesses or other evidence.

Defendant claims that even if he has overestimated his net worth in the sum of $2,000, that may be considered as an honest, even if incorrect, overestimate of his assets. That is really a question of fact. If a man had $100,000 in assets it might very well be that an overestimate of $2,000 would be regarded as immaterial, however, if a man had assets of $4,000 and listed them at $6,000 that would be quite material. The question whether the representations were immaterial therefore cannot be determined upon the motion. It should be determined upon trial. The defendant is properly apprised of the charge against him.

Motion to dismiss the indictment denied.

Settle order on notice.